Daniel G-. Albert, J.
Petitioner in this article 78 proceeding is granted judgment in all respects. The court conducted a hearing in this matter on May 22, 1973, and has concluded that petitioner fled here from the United States Virgin Islands in fear of bodily harm to her and her children; that she is ready, willing and able to seek and gain employment as soon as she is settled here; and that the respondent has arbitrarily denied petitioner the public assistance which would otherwise be due a “ resident ” of this county. While in the opinion of the court the imposition of a reasonable residency requirement as a condition precedent to the obtaining of public assistance is a legitimate governmental function within the province of Congress or a State Legislature (see dissenting opn. of Mr. Chief Justice Warren in Shapiro v. Thompson, 394 U. S. 618, 644), I am constrained by the United States Supreme Court recent decisions to hold that any such residency requirement is unconstitutional. (See Shapiro v. Thompson, supra; Graham v. Richardson, 403 U. S. 365.) Moreover, the eligibility *309 regulations promulgated by the Department of Social Services clearly indicate that, insofar as residency of an applicant is concerned, the applicant need only be “residing or found within the public welfare district on the date of application and subsequent thereto.” (18 NYCRR 351.2 [e] [1].) (Emphasis added.) This conforms to the Federal decisions above cited.
No one can reasonably claim that such a rule authorizes an applicant to lawfully obtain duplicate grants from other districts since he need not be a resident thereof. The inherent fraud of such a scheme is manifest. Nor can it be reasonably argued that petitioner must exhaust her administrative remedies before seeking court relief. This is an emergency situation, and under such circumstances irreparable harm might befall petitioner by prolonging the administrative and court procedures herein. (Young v. Shuart, 67 Misc 2d 689, affd. 39 A D 2d 724; Matter of Borders v. Nassau County Dept. of Social Servs., 34 A D 2d 805, 806.)
Under all these circumstances, and in light of the hearing conducted by this court, judgment is granted to petitioner and the respondent is directed to process petitioner’s application for public assistance forthwith without regard to the duration of her residency or location here in Nassau County.